NOT FOR PUBLICATION                    (Docket Entry Nos. 7, 12, 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____  :
                                     :
RAYMOND BEY,                         :
                                     :
            Plaintiff,               :   Civil No. 04-6186 (RBK)
                                     :
     v.                              :   **OPINION**
                                     :
DAIMLERCHRYSLER SERVICES             :
OF NORTH AMERICA, LLC,               :
et al.,                              :
                                     :
            Defendants.              :
_____  :


**KUGLER**, United States District Judge:

Plaintiff Raymond Bey bought a Mercedes-Benz SUV in December 2001.  He paid $10,500 down and financed the $40,835.90 balance through a retail installment contract.  After a series of disputes regarding the terms of the loan and at least one repossession of the SUV for failure to make payment, Bey filed the present action against defendants DaimlerChrysler Services of North America, LLC; I. Daniel Ibrahim; Tracy Lane; Kim Nguyen; DaimlerChrysler Corporation; Mercedes-Benz of North America, Inc.; Mercedes-Benz USA, LLC; Mercedes-Benz of Cherry Hill; Lyons, Doughty, & Veldhuis; Hillary Veldhuis; and a tow truck driver named "Ray."

Bey's common-law and statutory claims present both

state and federal questions. His eight-count Complaint asserts claims for violations of the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Consumer Fraud Act ("NJCFA"), and under common-law theories of fraud and conspiracy. Bey's claims arise out of the terms of the loan contract, the contents of collection letters he received, and the repossessions — both actual and attempted — of the SUV. This matter now comes before the Court upon:

    1.    Motion by defendants Mercedes-Benz USA, LLC ("MBUSA") and Mercedes-Benz of North America, Inc. ("MBNA") to dismiss the claims against them for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted;

    2.    Motion by defendants DaimlerChrysler Services North America, LLC; I. Daniel Ibrahim; Tracy Lane; Kim Nguyen; and DaimlerChrysler Corporation (collectively, the "DaimlerChrysler Defendants") to dismiss the claims against them for failure to state a claim upon which relief can be granted; and

    3.    Motion by defendant Mercedes-Benz of Cherry Hill ("MBCH") to dismiss the claims against it for lack of subject

matter jurisdiction and failure to state a claim upon which relief can be granted.

All three motions are unopposed.  For the reasons expressed in this opinion, (1) the motions to dismiss for lack of subject matter jurisdiction will be denied; (2) MBUSA and MBNA's motion to dismiss for failure to state a claim will be granted; (3) the DaimlerChrysler Defendants' motion to dismiss for failure to state a claim will be granted in part as to the TILA, ECOA, FDCPA, RICO, and conspiracy claims, and denied in part as to the NJLAD, NJCFA, and fraud claims; and (4) MBCH's motion to dismiss for failure to state a claim will be granted.

I.          **FACTUAL ALLEGATIONS OF THE COMPLAINT**

    A.     **LOAN CONTRACT**

Bey bought a Mercedes-Benz ML 500 SUV from defendant Mercedes-Benz of Cherry Hill on December 20, 2001.  He paid $10,500 down and financed the $40,835.90 balance through a retail installment contract with Mercedes-Benz Credit, which has since merged with and become defendant DaimlerChrysler Services North America, LLC ("DC Services").  Under the terms of the contract, Bey was obligated to make 60 monthly payments of $912.64.  The contract stated that the loan had an APR of 11.99%.

Bey now alleges that the contract misrepresented the annual interest rate he was actually charged, which — based on a

3

principal of $40,835.90 and 60 monthly payments of $912.64 — was not 11.99%, but 12.21%.

Bey informed defendants Kim Nguyen and I. Daniel Ibrahim, both employees of DC Services, of the apparent misrepresentation of the loan APR in the contract. Nguyen did not respond. Ibrahim told Bey that the apparent discrepancy was a result of the timing of the first loan payment, which occurred forty-five days, not thirty days, from the date of the loan.

Bey claims that he was charged 12.21% rather than 11.99% because he is African-American. Bey further claims that he was charged 12.21% rather than 5.99% — a rate "being offered by Defendants" at the time — because he is African-American.

**B.     REPOSSESSION**

Nguyen contacted Bey in early August 2003 after Bey fell two months behind in his loan payments. Bey was "in the process of" sending the money due (approximately $1,870) when his SUV was repossessed on August 8, 2003. Bey then "quick collected" the money to DC Services, but was informed by Nguyen and other DC Services employees that he could not reclaim his car until he also provided proof of insurance and the names and phone numbers of five personal references. Nguyen further informed Bey that he would be charged a $350 towing fee and storage fees of $20 per day. Although Bey originally refused to comply, contending that such requirements were not part of his loan

4

contract, he later capitulated. Bey retrieved the SUV on September 3, 2003 after paying a $65 towing fee and a $60 storage fee.

### C.  "RAY"

On September 9, 2004, a tow truck driver named Ray stopped at Bey's residence. Ray told a third party that he was looking for the SUV, and that Bey owed Mercedes-Benz $19,000.

### D.  DEBT COLLECTION LETTERS

Bey received a letter from defendant Hillary Veldhuis on September 18, 2004. In the letter, Veldhuis stated that her firm, defendant Lyons, Doughty, and Veldhuis, was a debt collector. She advised Bey that the "accelerated balance due" on his loan was $31,093.67. Bey responded on September 20, 2004, disputing both the amount due and "the contract" generally.

Bey received a second letter from Veldhuis on September 25, 2004. That letter, which was copied to defendant Tracy Lane, contained "no verification of the amount claimed due." In the letter, Veldhuis stated that she had discussed Bey's response with DC Services, that Bey's arguments lacked merit, and that a replevin action would proceed.

## II.  SUBJECT MATTER JURISDICTION

Bey's Complaint, in which he alleges that he "resides in New Jersey," that defendant DC Services "is in Texas," and

5

that defendant DaimlerChrysler Corporation "is in Michigan," thereafter invokes diversity of citizenship in support of federal subject matter jurisdiction. Correctly pointing out that the Complaint fails to allege complete diversity,[1] defendants MBUSA, MBNA, and MBCH argue that this action should be dismissed for lack of subject matter jurisdiction.

However, "[c]ourts are to construe complaints 'so as to do substantial justice,' keeping in mind that pro se complaints in particular should be construed liberally." See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). Here, although the Complaint does not invoke 28 U.S.C. § 1331, it does assert federal claims under TILA, 15 U.S.C. § 1640(a), ECOA, 15 U.S.C. § 1691, FDCPA, 15 U.S.C. § 1692, and RICO, 18 U.S.C. § 1961. Moreover, the state law claims asserted in the Complaint are part of the same case or controversy as the federal claims. Therefore, federal subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1367(a), and the motions by defendants MBUSA, MBNA, and MBCH to dismiss for lack of subject matter jurisdiction will be denied.

### III.     **FAILURE TO STATE A CLAIM**

In deciding a motion to dismiss, a court must "accept

---

[1] Section 1332(a)(1) requires complete diversity, under which all plaintiffs must be diverse from all defendants. See Strawbridge v. Curtiss, 7 U.S. 267 (1806).

all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." See Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004). The court "may grant such a motion only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, although the court must take all well-pleaded allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." See Papasan v. Allain, 478 U.S. 265, 286 (1986) (citations omitted).

### A. MBUSA and MBNA

MBUSA and MBNA argue that all claims against them should be dismissed for failure to state a claim upon which relief can be granted. These defendants point out that although all of Bey's causes of action arise out of the financing and subsequent repossession of his Mercedes-Benz SUV, "[t]here are no allegations in the Complaint that MBUSA or MBNA participated in the sale of the vehicle to Plaintiff, the financing of his vehicle, or the subsequent repossession or collection actions." (MBUSA & MBNA's Mot. ¶¶ 7, 8.) Further, these defendant argue, "Plaintiff makes no allegation in the Complaint that he dealt with anyone employed by MBNA or MBUSA at any time." (Id. at ¶ 9.)

7

With no allegations in the Complaint that MBUSA or MBNA did anything, let alone participated in any of the transactions out of which Bey's claims arise, the Complaint fails to state a claim against MBUSA or MBNA.  Therefore, MBUSA and MBNA's motion to dismiss for failure to state a claim will be granted.

### B.  **DaimlerChrysler Defendants**

#### 1.  **Fraud and Consumer Fraud**

The DaimlerChrysler Defendants argue that Bey's complaint fails to state a claim for common-law fraud or violation of the NJCFA because those claims, which are based upon Bey's allegation that he was charged 12.21% annual interest rather than the 11.99% rate shown on the contract, fail "to allow for the fact that [the] first monthly payment was due 45 days from the date of the contract, rather than the customary 30 days."  However, these defendants' motion is not for summary judgment, but to dismiss for failure to state a claim.  Thus, all well-pleaded allegations in the Complaint must be accepted as true, and the issue of whether those allegations are the result of mathematical error is not properly before the Court at this time.  Because the DaimlerChrysler Defendants present no other argument as to why Bey's fraud and consumer fraud claims should be dismissed, their motion to dismiss those claims for failure to state a claim will be denied.

#### 2.  **Truth in Lending Act**

The DaimlerChrysler Defendants argue that Bey's claim under the Truth in Lending Act ("TILA") should be dismissed as time-barred.

A civil action under the TILA must be brought "within one year from the date of the occurrence of the violation." See 15 U.S.C. § 1640(e).  Here, the DaimlerChrysler Defendants point out that the contract of which Bey complains was executed on December 20, 2001, nearly three years before Bey filed this action on December 16, 2004.  Although the time limit of section 1640(e) is subject to equitable tolling, see Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998), Bey — who did not oppose the present motions to dismiss — has presented this Court with no argument as to why equitable tolling should apply in his case.  Bey's Complaint likewise contains no factual allegations to support the application of equitable tolling.  In fact, Bey alleges:

> Plaintiff went to the Wharton School at the University of Pennsylvania and has a degree in economics.  Plaintiff is very aware of how finance works.  So Plaintiff's first action was to determine through an amortization schedule just how much was due.  It is then that Plaintiff discovered that the amount financed of $40,835.90 over 60 months with an interest rate of 11.99% would yield a payment of $908.17. . . . Based on the payment Plaintiff was given, the interest rate was actually 12.21%.  (emphasis added)

Absent any argument as to why equitable tolling should apply, Bey's TILA claim is time-barred.  Therefore, the

9

DaimlerChrysler Defendants' motion to dismiss the TILA claim against them for failure to state a claim will be granted.

### 3. Equal Credit Opportunity Act

Bey bases his Equal Credit Opportunity Act ("ECOA") claim on the allegation that he was charged 12.21% instead of "less than 6%" because he is African-American. The DaimlerChrysler Defendants argue that this claim should be dismissed for failure to state a claim because (1) "Plaintiff's mere speculation cannot form the basis for a cause of action" and (2) the discrepancy in interest rates is not a result of Bey's race, but rather is an example of legal "yield-spread" or "dealer participation." Again, though, the present motion is not for summary judgment but to dismiss for failure to state a claim; therefore, allegations in the Complaint must be taken as true, and the issue of whether those allegations lack factual support is not properly before the Court at this time.

However, the DaimlerChrysler Defendants also argue that Bey's ECOA claim should be dismissed as time-barred. Civil claims under the ECOA must be brought within "two years of the date of the occurrence of the violation." See 15 U.S.C. § 1692e(f). The DaimlerChrysler Defendants point out that Bey brought his ECOA claim nearly three years after execution of the loan contract. Again, Bey has presented no argument as to the application of equitable tolling. Because Bey's ECOA claim is

10

therefore time-barred, the DaimlerChrysler Defendants' motion to dismiss the ECOA claim against them for failure to state a claim will be granted.

### 4. Fair Debt Collection Practices Act

The DaimlerChrysler Defendants argue that Bey's claim against them under the Fair Debt Collection Practices Act ("FDCPA") should be dismissed for failure to state a claim because none of them are "debt collectors" to which the FDCPA applies.

The FDCPA authorizes certain civil actions against "debt collectors." See 15 U.S.C. § 1692k. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Excluded from the definition of "debt collector" is "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." See 15 U.S.C. § 1692a(6)(A). In the Complaint, Bey alleges that he obtained his loan from creditor DC Services and that Ibrahim, Lane, and Nguyen are employees of DC Services. Thus, DC Services, Ibrahim, Lane, and Nguyen are not "debt collectors" as defined by the FDCPA. Moreover, Bey's complaint contains no allegation that the

DaimlerChrysler Corporation participates in the collection of <u>any</u> debt; thus, the DaimlerChrysler Corporation is not a "debt collector" as defined by the statute.  Therefore, the DaimlerChrysler Defendants' motion to dismiss the FDCPA claim against them for failure to state a claim will be granted.

### 5. Conspiracy

Bey bases his conspiracy claim on the allegation that "there has not been one attempt to resolve this dispute by any of the Defendants despite the contact by telephone and mail." However, as Bey correctly notes in his complaint, civil conspiracy requires "a combination of two or more persons acting in concert."  <u>See</u> <u>Morgan v. Union County Bd. of Chosen Freeholders</u>, 268 N.J. Super. 337, 364 (App. Div. 1993).  As the DaimlerChrysler Defendants correctly argue, the allegation that none of the defendants attempted to "resolve" Bey's dispute cannot support a conspiracy claim.  Therefore, the DaimlerChrysler Defendants's motion to dismiss the conspiracy claim for failure to state a claim will be granted.

### 6. Discrimination

The DaimlerChrysler Defendants argue that Bey's claim against them under the NJLAD should be dismissed for failure to state a claim because "[t]he allegations in the Complaint regarding discrimination consist entirely of plaintiff's statements bemoaning that racial discrimination exists in the

United States and bold assertions that he was 'cheated because he is African, and ignored because he is African.'"  However, for any "lender or credit institution involved in the making or purchasing of any loan or extension of credit . . . or any agent or employee thereof" to "discriminate against any person . . . because of race . . . in the fixing of rates, terms, conditions or provisions of any such loan or extension of credit" constitutes "unlawful discrimination" under the NJLAD.  See N.J.S.A. § 10:5-12(i)(1).  In his complaint, Bey alleges that he was charged a higher interest rate because he is African-American.  The DaimlerChrysler Defendants present no argument as to why this allegation is insufficient to support a claim under the NJLAD, or how this allegation was not directed at them.  Therefore, the DaimlerChrysler Defendants's motion to dismiss the NJLAD claim for failure to state a claim will be denied.

### 8. RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes actionable the collection of an "unlawful debt" by "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce."  See 15 U.S.C. § 1692(c).  RICO defines "unlawful debt" as a debt incurred in "the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate."

13

See 18 U.S.C. § 1961(6).

Bey alleges that he was charged an annual interest rate of 12.21%. Under New Jersey law, "an interest rate which exceeds 30% per annum" is usurious. See N.J.S.A. § 2C:21-19. Federal statutory and case law provide no indication that an annual interest rate of 12.21% is usurious. Although Bey alleges "attempted collection of an unlawful debt," this Court is not bound to accept as true a legal conclusion couched as a factual allegation. Because the DaimlerChrysler Defendants argue correctly that the Complaint does not allege facts supporting collection of an "unlawful debt," their motion to dismiss the RICO claim for failure to state a claim will be granted.

### C. MBCH

MBCH argues that all claims against it should be dismissed for failure to state a claim upon which relief can be granted. In support of its argument, MBCH points out that the only allegation in the Complaint regarding MBCH was that it sold the SUV to Bey. MBCH correctly points out that the Complaint contains no allegation that the sale itself "was inappropriate or improper." With no allegation that MBCH participated in any of the transactions out of which Bey's claims arise, the Complaint fails to state a claim against MBCH. Therefore, MBCH's motion to dismiss for failure to state a claim will be granted.

14

**IV.       CONCLUSION**

   For the reasons expressed in this opinion, (1) the motions to dismiss for lack of subject matter jurisdiction will be denied; (2) MBUSA and MBNA's motion to dismiss for failure to state a claim will be granted; (3) the DaimlerChrysler Defendants' motion to dismiss for failure to state a claim will be granted in part and denied in part; and (4) MBCH's motion to dismiss for failure to state a claim will be granted.  The remaining federal claims in this case — against nonmoving defendants Lyons, Doughty, & Veldhuis; Hillary Veldhuis; and "Ray" — prevent this Court from declining to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3).

   The accompanying Order shall issue today.


Dated:     July 8, 2005              /s/ Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge