<u>NOT FOR PUBLICATION</u>                                (Docket Entry Nos. 15, 25)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____  :
                              :
RAYMOND BEY,                  :
                              :
            Plaintiff,        :     Civil No. 04-6186 (RBK)
                              :
      v.                      :     **OPINION**
                              :
DAIMLERCHRYSLER SERVICES      :
OF NORTH AMERICA, LLC,        :
et al.,                       :
                              :
            Defendants.       :
_____  :


**KUGLER**, United States District Judge:

      This matter comes before the Court upon motion by plaintiff Raymond Bey for summary judgment.  For the reasons expressed in this opinion, Bey's motion will be denied.


**I.      BACKGROUND**

      Bey bought a Mercedes-Benz ML 500 SUV from Mercedes-Benz of Cherry Hill on December 20, 2001.  He paid $10,500 down and financed the $40,835.90 balance through a retail installment contract.  Under the terms of the contract, Bey was obligated to make 60 monthly payments of $912.64, with the first payment due forty-five days after the loan's inception.  The contract stated

that the loan had an APR of 11.99%.

After a series of disputes regarding the terms of the loan and at least one repossession of the SUV following his failure to make timely payment, Bey filed the present action against defendants DaimlerChrysler Services of North America, LLC, I. Daniel Ibrahim, Tracy Lane, Kim Nguyen, and DaimlerChrysler Corporation (collectively, "DaimlerChrysler Defendants"); Mercedes-Benz of North America, Inc., Mercedes-Benz USA, LLC, and Mercedes-Benz of Cherry Hill (collectively, "Mercedes-Benz Defendants"); Lyons, Doughty, & Veldhuis; Hillary Veldhuis; and a tow truck driver named "Ray." Bey's eight-count Complaint asserts claims for violations of the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Consumer Fraud Act ("NJCFA"), and under common-law theories of fraud and conspiracy. His claims arise out of the terms of the loan contract, the contents of collection letters he received, and the repossessions — both actual and attempted — of the SUV.

This Court's order of July 8, 2005 dismissed all claims against the Mercedes-Benz Defendants for failure to state a claim upon which relief can be granted. That order also dismissed the TILA, ECOA, FDCPA, RICO, and conspiracy claims against the

DaimlerChrysler Defendants.

Bey filed his motion for summary judgment on May 27, 2005. On August 8, 2005, he filed a "motion to supplement motion for summary judgment." This opinion will address both motions.

**II.    ANALYSIS**

Summary judgment is only appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. If the moving party has not fully discharged his initial burden, his motion for summary judgment must be denied. Id. at 332.

**A.    TILA, NJCFA, Common-Law Fraud**

Bey argues that he is entitled to summary judgment on his TILA, NJCFA, and common-law fraud claims because, according to his calculations, (1) he paid a finance charge of $14,022.50 rather than the $13,922.50 charge shown on his loan contract; and

3

(2) he was charged an interest rate of 12.21% rather than the 11.99% rate shown on the contract. Bey also contends that (3) "[n]o one asked [him] if he wanted the first payment to be extended which meant a higher payment."

As to the finance charge, this Court takes judicial notice of the fact that $54,758.40 minus $40,835.90 equals $13,922.50. Fed. R. Evid. 201(b)(2). As to the interest rate, the record contains evidence that Bey's calculation is the result of mathematical error. (See Pl.'s Ex. F ("When using an amortization schedule calculator, one must specify the date of the [first] payment.").)[1] As to the date of the first payment, it was clearly specified on Bey's loan contract. (See Pl.'s Ex. C (stating that payments are due monthly starting on February 3, 2002).) Because Bey's motion therefore does not establish the nonexistence of a genuine issue of material fact such that he is entitled to summary judgment as to his TILA, NJCFA, and common-law fraud claims, his motion will be denied as to those claims.

**B.   ECOA**

Bey argues that he is entitled to summary judgment on his ECOA claim because (1) he was not notified that his credit

---

[1] Moreover, the Court takes judicial notice of the fact that a loan of $40,835.90 at an interest rate of 11.99%, compounded monthly, will be repaid in sixty monthly payments of $912.64 when the first payment occurs forty-five days after the loan's inception. Fed. R. Evid. 201(b)(2); see Loan Calculator, available at http://www.tcalc.com/tvwww.dll?CalcLoan.

4

application was accepted until more than sixty days after he filed the application; (2) "the stated interest rate of 11.99% in the [loan] contract and the actual interest rate of over 12% are entirely out of line in this era of no interest rates"; and (3) "[i]t is Plaintiff's belief that there is a pattern . . . [of] discrimination against African credit applicants."

Bey provides no evidence to support his first argument. Thus, that argument——the acceptance of which would require a finding of fact——is insufficient to entitle Bey to summary judgment. See In re Federal Mogul-Global, Inc., 348 F.3d 390, 406 (3d Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."). As to Bey's second argument, he provides no evidence to support his statement that "Defendants are offering no interest loans on automobiles," and no case law to support his assertion that a "growing consensus that minorities are the victims of higher interest rates on automobile loans" somehow entitles him to recover personally under ECOA. Likewise, Bey provides no case law in support of his third argument that a pattern of discrimination against "African credit applicants" entitles him to personal recovery under ECOA. Because Bey's motion therefore does not establish the nonexistence of a genuine issue of material fact such that he is entitled to summary judgment as to his ECOA claim, his motion will be denied as to

5

that claim.

    **C.    FDCPA**

Citing 15 U.S.C. § 1692b(2) & (3), Bey argues that he is entitled to summary judgment against "Ray" on his FDCPA claim because (1) "Ray openly communicated to a third party that Plaintiff owed a debt and showed him documentation," and (2) "Ray called the third party after speaking with him on several occasions."  These arguments do not establish the nonexistence of a genuine issue of fact as to Bey's FDCPA claim against Ray because Bey has not proved that Ray is a "debt collector" subject to the provisions of the FDCPA, and Bey has provided no evidence in support of his arguments.

Title 15 U.S.C. section 1692g prohibits a debt collector from further attempting to collect a debt that has been "disputed" by the consumer until the debt collector sends "verification" of the debt to the consumer.  Citing section 1692g, Bey first argues that he is entitled to summary judgment against Hillary Veldhuis and Lyons, Doughty, and Veldhuis because—at some unknown point in time—DaimlerChrysler Services of North America filed a lawsuit against him to collect under the loan contract.  However, Bey provides no evidence that the lawsuit was filed <u>before</u> he disputed the debt on September 20, 2004.  (<u>See</u> Pl.'s Ex. M.)  Therefore, Bey's first argument does not establish the nonexistence of a genuine issue of fact as to

6

his FDCPA claim.

Next, Bey argues that the lawsuit violated 15 U.S.C. § 1692i(b), which provides that "[n]othing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors." However, Bey provides no evidence that any of the remaining defendants to this claim was a party to the lawsuit, and no case law in support of his implied assertion that section 1692i(b) affirmatively prohibits debt collectors from bringing legal actions rather than declining to extend the circumstances under which they may do so. Therefore, Bey's second argument does not establish the nonexistence of a genuine issue of fact as to his FDCPA claim, and his motion for summary judgment will be denied as to that claim.

### D. Conspiracy

Bey argues that he is entitled to summary judgment on his common-law conspiracy claim because "[s]ilence means consent." However, a successful conspiracy claim requires evidence of agreement. See Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993). Because Bey has provided no evidence of agreement, he has not established the nonexistence of a genuine issue of fact as to his conspiracy claim. Therefore, his motion for summary judgment will be denied as to that claim.

### E. Discrimination

Bey argues that he is entitled to summary judgment on his NJLAD claim because he was "cheated," because "not one Defendant or counsel acknowledges wrong," and because these actions (and nonactions) are "the expression of racism and arrogance that is the Caucasian Mind."  Defendants respond that the evidence to which Bey refers in support of these allegations "amounts to hearsay regarding other cases unrelated to this one or plaintiff's own wild speculation."  Thus, this evidence does not establish the nonexistence of a genuine issue of fact as to Bey's discrimination claim, and his motion for summary judgment will be denied as to that claim.

**III.      CONCLUSION**

The remainder of Bey's arguments are without merit. For the reasons expressed in this opinion, Bey's motion for summary judgment will be denied.  Defendants will be ordered to file a motion for summary judgment within thirty days of the order accompanying this opinion.


Dated: 08-29-05                    s/Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge